JAMES E. BRACKBILL, JR. vs. DIRECTOR OF THE DIVISION OF EMPLOY-
MENT SECURITY (and a companion case).  November 3, 1966.  These are
appeals from two decisions of a judge of the District Court which affirmed
decisions of the board of review which upheld the determination of the
director of the division of employment security that the petitioners were
employers subject to the provisions of G. L. c. 151A, inserted by St. 1941,
c. 685, § 1, as amended.  The issues and facts in each of these decisions
are similar and they have, therefore, been consolidated for review.  The
employing unit had only one employee.  The petitioners appear to make
three contentions.  (1) The act "exceeds constitutional limitations";
(2) "The changes made in the . . . [act] since its original enactment ex-
ceed constitutional limitations"; and (3) "The terms of the . . . [act]
are so vague as to deny due process of law."  General Laws c. 151A was
held to be constitutional in the case of *Howes Bros. Co.* v. *Unemployment
Compensation Commn.* 296 Mass. 275, 283–284.  See *Carmichael* v. *South-
ern Coal & Coke Co.* 301 U. S. 495, 509.  The reasoning in the *Howes*

Rescript Opinions.

case is just as controlling in sustaining the amendments to the act. The petitioners argue that the provisions of § 14 of the act make it "impossible for employers of intelligence to determine what their tax rate will be for any given year" and consequently the statute is so vague that it violates the due process clause of the Fourteenth Amendment to the Constitution of the United States. We do not agree. For a somewhat analogous situation dealing with classification of risks and premium charges, see *Century Cab Inc.* v. *Commissioner of Ins.* 327 Mass. 652. The decisions of the District Court are affirmed.

*So ordered.*

*Robert P. Rudolph* for the petitioners.
*Joseph S. Ayoub,* Assistant Attorney General, for the respondent.